UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHAROTTE DIVISION
3:15-cv-189-FDW

| ROLANDER YARBAROU GRICE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| CHARLOTTE MECKLENBURG POLICE, DEPARTMENT, STATE OF NORTH CAROLINA, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A. Also pending before the Court is Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2). The Court grants Plaintiff's application for the limited purpose of this initial review.

## I. FACTS

Pro se Plaintiff Rolander Yarbarou Grice filed the instant Complaint on April 30, 2015, pursuant to 42 U.S.C. § 1983, naming as Defendants (1) the "Charlotte-Mecklenburg Police Department" and (2) the State of North Carolina. The allegations in the Complaint indicate that Plaintiff is currently being held as a pre-trial detainee at the Mecklenburg County Jail on some unspecified state criminal charges. According to Plaintiff, the Charlotte-Mecklenburg Police Department ("CMPD"), specifically CMPD Police Chief Rodney Monroe, is requiring that, as a condition of his release on bail pending trial, Plaintiff must wear an ankle bracelet with a GPS tracking device on it. Plaintiff alleges in the Complaint that "the courts (Judges and DA) are placing me on ankle monitor like others to be released under CMPD watch by use of GPS device

-1-

for surveillance reasons which violates my 4th amendment as noted by U.S. Supreme Ct." (Doc. No. 1 at 4). Plaintiff alleges that "Rodney Monroe through CMPD has placed holds on me to 'NOT' be released without a[n] ankle monitoring GPS tracking device." (Id.). Plaintiff alleges he is "innocent until proven guilty" and that the ankle monitoring is "a physical intrusion and considered a search." (Id.). Plaintiff states that he "would like the courts to cease these unconstitutional acts by CMPD and the state courts. I am seeking permanent injuncti[ve] relief as well as temporary relief," and he states that "[u]sing GPS tracking to monitor NON guilty defendant who wants to make bail and obtain all his rights should be made NOT valid and enforced [against] CMPD and State." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff complains that his Fourth Amendment rights are being violated because the state officials are requiring him to wear an ankle monitor with a tracking device in order to be released on bail pending trial on unspecified state criminal charges. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims while state court criminal charges are pending against him.[1]

In sum, for the reasons stated herein, this action will be dismissed based on Younger abstention.

## IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e), the Court finds

---

[1] Specifically, Plaintiff could have raised, at his bail hearing in the state court criminal proceedings, the issue of the constitutionality of requiring him to wear an ankle bracelet while out on bail. The Court further notes that, to the extent that Plaintiff has sued the "Charlotte-Mecklenburg Police Department" as a Defendant, the Charlotte-Mecklenburg Police Department is not a distinct legal entity capable of being sued. Furthermore, the State of North Carolina is not a "person" within the meaning of 42 U.S.C. § 1983, and the Eleventh Amendment bars claims for monetary damage against states.

that this action must be dismissed. Because the Court is abstaining from addressing Plaintiff's claims under <u>Younger</u>, the dismissal is without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is dismissed.

(2) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.

(3) The Clerk is instructed to terminate this action.

_____
Frank D. Whitney
Chief United States District Judge